UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| Anthony Sessa<br>812 Grand Street, Apt. 212<br>Hoboken, New Jersey 07030<br><br>            v.<br><br>National Railroad Passenger<br>Corporation (AMTRAK)<br>60 Massachusetts Avenue<br>Washington, D.C. 20002 | :<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT – FRSA

1. The Plaintiff herein, Anthony Sessa, is a citizen of the State of New Jersey who resides at 812 Grand Street, Apt. 212, Hoboken, New Jersey 07030

2. Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a corporation duly organized and doing business in the State of Pennsylvania with its principle place of business at the above address.

3. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

4. At all times material hereto, Plaintiff was employed by Defendant.

5. On November 6, 2014, Amtrak terminated Anthony Sessa, Electric Traction Third Rail Foreman and Facilitor/Coordinator for Amtrak Safe2Safer program (New York), for reporting unsafe working condition to Amtrak management.

6. On December 10, 2014, Anthony Sessa filed a complaint with OSHA under the Federal Rail Safety Act (FRSA).

7. On January 23, 2017, OSHA interviewed Mr. Sessa after the sides had exchanged position statements, responses, and supporting documents.

8. In the course of the interview, OSHA requested Mr. Sessa to provide the specific dates that he had been denied overtime. Among several retaliatory acts, Mr. Sessa alleged that he had been denied overtime. Mr. Sessa agreed to provide. However, he discovered that he could not since he no longer had access to the information other than what he had already provided.

9. On April 3, 2017, OSHA requested again that Mr. Sessa provide the specific dates of overtime or exercise his right to kick out the complaint from OSHA and file in United States District Court. If OSHA was not contacted within ten days, then OSHA would administratively closed the file.

10. On May 24, 2017, OSHA advised that they had completed their investigation. OSHA concluded that Mr. Sessa's complaint could not be sustained because he had not provided the specific overtime dates.

11. On May 25, 2017, Mr. Sessa filed a timely appeal to OSHA findings.

12. Mr. Anthony Sessa was a seventeen year employee of Amtrak at the time of the termination.

13. At the time of his discharge he held the position of Electric Traction Third Rail Foreman and was appointed to the Safe2Safer program first as an instructor/facilitator and later program coordinator for the New York Division.

14. Safe2Safer was a management/employee cooperative safety program within Amtrak.

15. Amtrak management personnel for Electric Traction Department and the Safe2Safer were located in Philadelphia, Pennsylvania.

16. Mr. Sessa upon taking the additional position in the Safe2Safer program in 2011, was charged with, not only, developing the program in the New York electric traction department

and third rail department but also writing the manuals and providing a training program to employees such that individual employees of Amtrak would be familiar with the program.

17. Mr. Sessa successfully administered this program for almost three years. He personally reported many unsafe conditions most likely resulting in lives saved.

18. In 2014 Amtrak management changed within his division. The new management team no longer wanted the Safe2Safer program to point out unsafe conditions but only the unsafe behavior of employees.

19. Subsequently, Mr. Sessa was instructed to report only unsafe employee behavior by Amtrak management.

20. Mr. Sessa refused and continued to point out unsafe conditions on the railroad and report them to Amtrak management for correction.

21. As a result, Amtrak management terminated Mr. Sessa in retaliation for his continued identification and reporting of unsafe working conditions in November of 2014 under the pretext that Mr. Sessa was being dishonest in his time reporting.

22. Mr. Sessa's union appealed the termination under the Railway Labor Act.

23. On March 18, 2015, an arbitration board formed under the Railway Labor Act unanimously found that Amtrak failed to prove that Mr. Sessa was guilty of dishonestly. The Panel found that Amtrak, via Mr. Sessa's direct supervisor, had approved all of the time sheets where Amtrak was alleging that Mr. Sessa did not work. As a result, Mr. Sessa was reinstated.

24. Mr. Sessa is a protected employee, reporting unsafe conditions, a protected activity, to his employer (Amtrak). His firing was pure retaliation. As such we present this complaint under 49 U.S.C. 20109.

25. Amtrak's conduct in terminating Mr. Sessa for reporting unsafe working condition creates a chilling effect upon to the reporting of safety violations to the detriment of fellow employees, the general public, and the employee himself.

26. Mr. Sessa's performance of his assigned job duties was done in good faith and such an activity is protected under 49 U.S.C. 20109 (a).

27. Mr. Sessa seeks all remedies and damages included within the scope of 49 USC 20109 (e) including but not limited to all economic and non-economic losses, attorney fees, litigation costs, and punitive damages in the amount of $250,000.00.

**WHEREFORE,** Anthony Sessa seeks against Defendant Amtrak all remedies available under the Federal Railroad Safety Act, 49 U.S.C. 20109, including, but not limited to, reinstatement to his previous position, lost pay with interest, compensating damages, and special damages such as litigation costs and attorney fees.

By his attorneys,

By  */s/ James M. Duckworth*
James M. Duckworth, Esquire
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-8780